# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DAVEY TREE SURGERY COMPANY, a Corporation; THE DAVEY TREE EXPERT COMPANY, a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANTE BRUMSEY, an individual, on behalf of himself, and on behalf of all persons similarly situated,

<table>
<tr><td>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*</td></tr>
<tr><td>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Cruz<br>1/9/2026 1:48 PM<br>Clerk of the Court by Deputy,<br>Sandy Garcia</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ<br>Central<br>701 Ocean Street, Santa Cruz, CA 95060 | CASE NUMBER:<br>*(Número del Caso):* 26CV00093 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal (Bar # 68687)    Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP    Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: 1/09/2026    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    Sandy Garcia    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* DAVEY TREE SURGERY COMPANY, a Corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
Christine LeVu (State Bar #288271)
christine@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

*Attorneys for Plaintiff*
[Additional Counsel Listed on Signature Page]

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/9/2026 1:48 PM
Clerk of the Court by Deputy,
Sandy Garcia

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SANTA CRUZ

26CV00093

DANTE BRUMSEY, an individual, on behalf of himself, and on behalf of all persons similarly situated,

                    Plaintiff,

vs.

DAVEY TREE SURGERY COMPANY, a Corporation; THE DAVEY TREE EXPERT COMPANY, a Corporation; and DOES 1 through 50, inclusive,

                    Defendants.

Case No. _____

**CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200;
2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;
4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,
9. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB CODE §§ 201-203, 233, 246.

1

CLASS ACTION COMPLAINT

Dante Brumsey ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees allege on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following.

## THE PARTIES

1. Davey Tree Surgery Company is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

2. The Davey Tree Expert Company is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

3. The entities named in paragraphs 1-2 above (and any DOE entities later named) were the joint employers of PLAINTIFF.

4. Joint employer is evidenced by paycheck, standardized company employment handbooks, by standardized policies and procedures, by the company PLAINTIFF performed work for respectively and are therefore jointly responsible as employers for the conduct alleged herein, and the entities named in paragraphs 1-2 above are therefore collectively referred to herein as ("DEFENDANT").

5. DEFENDANT provides tree maintenance and removal services in California.

6. PLAINTIFF was employed by DEFENDANT in California from August of 2014 to July, 8 2025. PLAINTIFF was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

7. PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by Davey Tree Surgery Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

2

controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

8.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

9.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believe, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

10.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and

the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

11.. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they are under DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF's off-duty meal break. DEFENDANT, as a matter of established company policy and procedure, administered a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime wage compensation, and off-duty meal breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

12. State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

4

13.     The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

14.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

15.     During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

16.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work

1  off the clock without paying them for all the time they were under DEFENDANT's control.
2  As such, DEFENDANT knew or should have known that PLAINTIFF and the other
3  members of the CALIFORNIA CLASS were under compensated for all time worked. As a
4  result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by
5  working without their time being accurately recorded and without compensation at the
6  applicable minimum wage and overtime wage rates. To the extent that the time worked off
7  the clock does not qualify for overtime premium payment, DEFENDANT fails to pay
8  minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194,
9  1197, and 1197.1.

10      17.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the
11  other members of the CALIFORNIA CLASS with complete and accurate wage statements
12  which failed to show, among other things, the correct gross and net wages earned. Cal. Lab.
13  Code § 226 provides that every employer shall furnish each of his or her employees with an
14  accurate itemized wage statement in writing showing, among other things, gross wages
15  earned and all applicable hourly rates in effect during the pay period and the corresponding
16  amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA CLASS
17  Members were paid on an hourly basis. As such, the wage statements should reflect all
18  applicable hourly rates during the pay period and the total hours worked, and the applicable
19  pay period in which the wages were earned pursuant to California Labor Code Section
20  226(a). The wage statements DEFENDANT provided to PLAINTIFF and other
21  CALIFORNIA CLASS Members failed to identify such information. More specifically, the
22  wage statements failed to identify the accurate total hours worked each pay period. When
23  the hours shown on the wage statements were added up, they did not equal the actual total
24  hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from
25  the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF
26  an itemized wage statement that lists all the requirements under California Labor Code 226.
27  As a result, DEFENDANT from time to time provided PLAINTIFF and the other members
28  of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

18.     DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246. Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration. Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

19.     Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

20.     DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

21.     As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF are informed and believe and based thereon allege that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

22.     Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members,

8

1  failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF
2  and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these
3  employees all wages due at each applicable pay period and upon termination. PLAINTIFF
4  and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal
5  deductions from wages according to proof, related penalties, interest, attorney fees and costs.

6      23.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify
7  PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses
8  incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct
9  consequence of discharging their duties on behalf of DEFENDANT. Under California
10 Labor Code Section 2802, employers are required to indemnify employees for all expenses
11 incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly
12 states that "an employer shall indemnify his or her employee for all necessary expenditures
13 or losses incurred by the employee in direct consequence of the discharge of his or her
14 duties, or of his or her obedience to the directions of the employer, even though unlawful,
15 unless the employee, at the time of obeying the directions, believed them to be unlawful."

16     24.    In the course of their employment PLAINTIFF and other CALIFORNIA
17 CLASS Members as a business expense, were required by DEFENDANT to use their own
18 personal cellular phones as a result of and in furtherance of their job duties as employees for
19 DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost
20 associated with the use of their personal cellular phones for DEFENDANT's benefit.
21 Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by
22 DEFENDANT to use their personal cellular phones. As a result, in the course of their
23 employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA
24 CLASS incurred unreimbursed business expenses which included, but were not limited to,
25 costs related to the use of their personal cellular phones all on behalf of and for the benefit
26 of DEFENDANT.

27     25.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally
28 required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage

Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

27.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

28.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Davey Tree Surgery

Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

29. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

30. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

31. DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, (the "UCL") as causation, damages, and reliance are not elements of this claim.

32. The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

33.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

      (a)    Committing an act of unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

      (b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

34.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

      (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

      (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

      (c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, were classified as non-exempt employees paid on an hourly basis who were subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and

12

CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

35. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2) Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

13

| | |
|---|---|
| 1 | (b)    The parties opposing the CALIFORNIA CLASS have acted or refused |
| 2 | to act on grounds generally applicable to the CALIFORNIA CLASS, |
| 3 | making appropriate class-wide relief with respect to the CALIFORNIA |
| 4 | CLASS as a whole in that DEFENDANT failed to pay all wages due to |
| 5 | members of the CALIFORNIA CLASS as required by law; |
| 6 |      1)    With respect to the First Cause of Action, the final relief on |
| 7 | behalf of the CALIFORNIA CLASS sought does not relate |
| 8 | exclusively to restitution because through this claim |
| 9 | PLAINTIFF seek declaratory relief holding that the |
| 10 | DEFENDANT's policy and practices constitute unfair |
| 11 | competition, along with declaratory relief, injunctive relief, and |
| 12 | incidental equitable relief as may be necessary to prevent and |
| 13 | remedy the conduct declared to constitute unfair competition; |
| 14 | (c)    Common questions of law and fact exist as to the members of the |
| 15 | CALIFORNIA CLASS, with respect to the practices and violations of |
| 16 | California law as listed above, and predominate over any question |
| 17 | affecting only individual CALIFORNIA CLASS Members, and a Class |
| 18 | Action is superior to other available methods for the fair and efficient |
| 19 | adjudication of the controversy, including consideration of: |
| 20 |      1)    The interests of the members of the CALIFORNIA CLASS in |
| 21 | individually controlling the prosecution or defense of separate |
| 22 | actions in that the substantial expense of individual actions will |
| 23 | be avoided to recover the relatively small amount of economic |
| 24 | losses sustained by the individual CALIFORNIA CLASS |
| 25 | Members when compared to the substantial expense and burden |
| 26 | of individual prosecution of this litigation; |
| 27 | |
| 28 | |

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

36. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA

15

| | | |
|---|---|---|
| 1 | | CLASS Members because the DEFENDANT's employment practices |
| 2 | | are applied with respect to the CALIFORNIA CLASS; |
| 3 | (b) | A Class Action is superior to any other available method for the fair |
| 4 | | and efficient adjudication of the claims of the members of the |
| 5 | | CALIFORNIA CLASS because in the context of employment litigation |
| 6 | | a substantial number of individual CALIFORNIA CLASS Members |
| 7 | | will avoid asserting their rights individually out of fear of retaliation or |
| 8 | | adverse impact on their employment; |
| 9 | (c) | The members of the CALIFORNIA CLASS are so numerous that it is |
| 10 | | impractical to bring all members of the CALIFORNIA CLASS before |
| 11 | | the Court; |
| 12 | (d) | PLAINTIFF, and the other CALIFORNIA CLASS Members, will not |
| 13 | | be able to obtain effective and economic legal redress unless the action |
| 14 | | is maintained as a Class Action; |
| 15 | (e) | There is a community of interest in obtaining appropriate legal and |
| 16 | | equitable relief for the acts of unfair competition, statutory violations |
| 17 | | and other improprieties, and in obtaining adequate compensation for |
| 18 | | the damages and injuries which DEFENDANT's actions have inflicted |
| 19 | | upon the CALIFORNIA CLASS; |
| 20 | (f) | There is a community of interest in ensuring that the combined assets of |
| 21 | | DEFENDANT are sufficient to adequately compensate the members of |
| 22 | | the CALIFORNIA CLASS for the injuries sustained; |
| 23 | (g) | DEFENDANT has acted or refused to act on grounds generally |
| 24 | | applicable to the CALIFORNIA CLASS, thereby making final class- |
| 25 | | wide relief appropriate with respect to the CALIFORNIA CLASS as a |
| 26 | | whole; |
| 27 | (h) | The members of the CALIFORNIA CLASS are readily ascertainable |
| 28 | | from the business records of DEFENDANT; and, |

16

1          (i)     Class treatment provides manageable judicial treatment calculated to

2                 bring a efficient and rapid conclusion to all litigation of all wage and

3                 hour related claims arising out of the conduct of DEFENDANT as to

4                 the members of the CALIFORNIA CLASS.

5      37.    DEFENDANT maintains records from which the Court can ascertain and

6  identify by job title each of DEFENDANT's employees who have been intentionally

7  subjected to DEFENDANT's company policy, practices and procedures as herein alleged.

8  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of

9  similarly situated employees when they have been identified.

10  **THE CALIFORNIA LABOR SUB-CLASS**

11      38.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh,

12  Eighth and Ninth causes Action on behalf of a California sub-class, defined as Davey Tree

13  Surgery Company and/or The Davey Tree Expert Company in California, including any

14  employees staffed with  Davey Tree Surgery Company and/or The Davey Tree Expert

15  Company by a third party, and classified as non-exempt employees (the "CALIFORNIA

16  LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of

17  the complaint and ending on the date as determined by the Court  (the "CALIFORNIA

18  LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in

19  controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is

20  under five million dollars ($5,000,000.00).

21      39.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

22  Commission ("IWC") Wage Order requirements, and the applicable provisions of California

23  law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT

24  failed to correctly calculate compensation for the time worked by PLAINTIFF and the other

25  members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to

26  these employees, even though DEFENDANT enjoyed the benefit of this work, required

27  employees to perform this work and permitted or suffered to permit this work.

28  DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to

1 which these employees are entitled in order to unfairly cheat the competition and unlawfully

2 profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR

3 SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

4 should be adjusted accordingly.

5     40.    DEFENDANT maintains records from which the Court can ascertain and

6 identify by name and job title, each of DEFENDANT's employees who have been

7 intentionally subjected to DEFENDANT's company policy, practices and procedures as

8 herein alleged. PLAINTIFF will seek leave to amend the complaint to include any

9 additional job titles of similarly situated employees when they have been identified.

10     41.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

11 CALIFORNIA LABOR SUB-CLASS Members is impracticable.

12     42.    Common questions of law and fact exist as to members of the CALIFORNIA

13 LABOR SUB-CLASS, including, but not limited, to the following:

14         (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

15             compensation due to members of the CALIFORNIA LABOR SUB-

16             CLASS for missed meal and rest breaks in violation of the California

17             Labor Code and California regulations and the applicable California

18             Wage Order;

19         (b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other

20             members of the CALIFORNIA LABOR SUB-CLASS with accurate

21             itemized wage statements;

22         (c)    Whether DEFENDANT has engaged in unfair competition by the

23             above-listed conduct;

24         (d)    The proper measure of damages and penalties owed to the members of

25             the CALIFORNIA LABOR SUB-CLASS; and,

26         (e)    Whether DEFENDANT's conduct was willful.

27     43.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

28 CLASS under California law by:

18

(a) Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b) Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c) Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d) Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f) Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

44. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

19

(a) The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, were non-exempt employees paid on an hourly basis who were subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

45. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

    (a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

        1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

        2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

    (c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available

21

methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

22

4)     A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

46.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for

23

| | |
|---|---|
| 1 | the damages and injuries which DEFENDANT's actions have inflicted |
| 2 | upon the CALIFORNIA LABOR SUB-CLASS; |
| 3 | (f) There is a community of interest in ensuring that the combined assets of |
| 4 | DEFENDANT are sufficient to adequately compensate the members of |
| 5 | the CALIFORNIA LABOR SUB-CLASS for the injuries sustained; |
| 6 | (g) DEFENDANT has acted or refused to act on grounds generally |
| 7 | applicable to the CALIFORNIA LABOR SUB-CLASS, thereby |
| 8 | making final class-wide relief appropriate with respect to the |
| 9 | CALIFORNIA LABOR SUB-CLASS as a whole; |
| 10 | (h) The members of the CALIFORNIA LABOR SUB-CLASS are readily |
| 11 | ascertainable from the business records of DEFENDANT. The |
| 12 | CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA |
| 13 | CLASS Members who worked for DEFENDANT in California at any |
| 14 | time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and, |
| 15 | (i) Class treatment provides manageable judicial treatment calculated to |
| 16 | bring a efficient and rapid conclusion to all litigation of all wage and |
| 17 | hour related claims arising out of the conduct of DEFENDANT as to |
| 18 | the members of the CALIFORNIA LABOR SUB-CLASS. |

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

47. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

48. DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

1    49.    California Business & Professions Code §§ 17200, (the "UCL") defines unfair

2    competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203

3    authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

4    competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair
> competition may be enjoined in any court of competent jurisdiction. The court
> may make such orders or judgments, including the appointment of a receiver,
> as may be necessary to prevent the use or employment by any person of any
> practice which constitutes unfair competition, as defined in this chapter, or as
> may be necessary to restore to any person in interest any money or property,
> real or personal, which may have been acquired by means of such unfair
> competition.

Cal. Bus. & Prof. Code § 17203.

50.    By the conduct alleged herein, DEFENDANT has engaged and continues to

engage in a business practice which violates California law, including but not limited to, the

applicable Industrial Wage Order(s), the California Code of Regulations and the California

Labor Code including Sections 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802

and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which

this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof.

Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute

unfair competition, including restitution of wages wrongfully withheld.

51.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

unfair in that these practices violate public policy, were immoral, unethical, oppressive,

unscrupulous or substantially injurious to employees, and were without valid justification or

utility for which this Court should issue equitable and injunctive relief pursuant to Section

17203 of the California Business & Professions Code, including restitution of wages

wrongfully withheld.

52.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated

meal and rest periods, the required amount of compensation for missed meal and rest

periods and overtime and minimum wages owed, failed to timely pay wages, and failed to

25

1  reimburse all necessary business expenses incurred, and failed to provide Fair Labor

2  Standards Act overtime wages due for overtime worked as a result of failing to include non-

3  discretionary incentive compensation into their regular rates of pay for purposes of

4  computing the proper overtime pay due to a business practice that cannot be justified,

5  pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements

6  in violation of Cal. Bus. Code §§ 17200, and for which this Court should issue injunctive

7  and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of

8  wages wrongfully withheld.

9      53.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

10  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and

11  the other members of the CALIFORNIA CLASS to be underpaid during their employment

12  with DEFENDANT.

13     54.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

14  unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to

15  provide all legally required meal breaks to PLAINTIFF and the other members of the

16  CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

17     55.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

18  CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

19  meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of

20  pay for each workday in which a second off-duty meal period was not timely provided for

21  each ten (10) hours of work.

22     56.    PLAINTIFF further demands on behalf of himself and each member of the

23  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off-

24  duty paid rest period was not timely provided as required by law.

25     57.    By and through the unlawful and unfair business practices described herein,

26  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and

27  the other members of the CALIFORNIA CLASS, including earned wages for all time

28  worked, and has deprived them of valuable rights and benefits guaranteed by law and

1    contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to
2    allow DEFENDANT to unfairly compete against competitors who comply with the law.

3        58.    All the acts described herein as violations of, among other things, the
4    Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the
5    California Labor Code, were unlawful and in violation of public policy, were immoral,
6    unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful,
7    unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200.

8        59.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled
9    to, and do, seek such relief as may be necessary to restore to them the money and property
10   which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the
11   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and
12   unfair business practices, including earned but unpaid wages for all time worked.

13       60.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further
14   entitled to, and do, seek a declaration that the described business practices are unlawful,
15   unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT
16   from engaging in any unlawful and unfair business practices in the future.

17       61.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no
18   plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business
19   practices of DEFENDANT. Further, the practices herein alleged presently continue to occur
20   unabated. As a result of the unlawful and unfair business practices described herein,
21   PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will
22   continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained
23   from continuing to engage in these unlawful and unfair business practices.

24   ///
25   ///
26   ///
27   ///
28   ///

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

62.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

63.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

64.     Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

65.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

66.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

67.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and

1 the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum
2 wage pay.

3    68.    In committing these violations of the California Labor Code, DEFENDANT
4 inaccurately calculated the correct time worked and consequently underpaid the actual time
5 worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.
6 DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and
7 other benefits in violation of the California Labor Code, the Industrial Welfare Commission
8 requirements and other applicable laws and regulations.

9    69.    As a direct result of DEFENDANT's unlawful wage practices as alleged
10 herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did
11 not receive the correct minimum wage compensation for their time worked for
12 DEFENDANT.

13    70.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT
14 required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS
15 Members to work without paying them for all the time they were under DEFENDANT's
16 control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the
17 other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked
18 that they were entitled to, constituting a failure to pay all earned wages.

19    71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned
20 compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
21 CLASS for the true time they worked, PLAINTIFF and the other members of the
22 CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an
23 economic injury in amounts which are presently unknown to them and which will be
24 ascertained according to proof at trial.

25    72.    DEFENDANT knew or should have known that PLAINTIFF and the other
26 members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their
27 time worked. DEFENDANT elected, either through intentional malfeasance or gross
28 nonfeasance, to not pay employees for their labor as a matter of company policy, practice

1   and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF

2   and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum

3   wages for their time worked.

4       73.    In performing the acts and practices herein alleged in violation of California

5   labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

6   CLASS for all time worked and provide them with the requisite compensation,

7   DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

8   toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

9   with a conscious and utter disregard for their legal rights, or the consequences to them, and

10  with the despicable intent of depriving them of their property and legal rights, and otherwise

11  causing them injury in order to increase company profits at the expense of these employees.

12      74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

13  CLASS therefore request recovery of all unpaid wages, according to proof, interest,

14  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

15  in a sum as provided by the California Labor Code and/or other applicable statutes. To the

16  extent minimum wage compensation is determined to be owed to the CALIFORNIA

17  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

18  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

19  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

20  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's

21  conduct as alleged herein was willful, intentional and not in good faith. Further,

22  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

23  and recover statutory costs.

24  ///

25  ///

26  ///

27  ///

28  ///

# THIRD CAUSE OF ACTION

## For Failure To Pay Overtime Compensation

### [Cal. Lab. Code § 510]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

75.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

76.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

77.     Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

78.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

79.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

1   80.   DEFENDANT's unlawful wage and hour practices manifested, without

2   limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

3   implementing a policy and practice that failed to accurately record overtime worked by

4   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate

5   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

6   CLASS for overtime worked, including, the overtime work performed in excess of eight (8)

7   hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

8   workweek.

9   81.   In committing these violations of the California Labor Code, DEFENDANT

10   inaccurately recorded overtime worked and consequently underpaid the overtime worked by

11   PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT

12   acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in

13   violation of the California Labor Code, the Industrial Welfare Commission requirements

14   and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful

15   wage practices as alleged herein, the PLAINTIFF and the other members of the

16   CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime

17   worked.

18   82.   Cal. Lab. Code § 515 sets out various categories of employees who are exempt

19   from the overtime requirements of the law.  None of these exemptions are applicable to the

20   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,

21   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

22   subject to a valid collective bargaining agreement that would preclude the causes of action

23   contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of

24   himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations

25   of non-negotiable, non-waiveable rights provided by the State of California.

26   83.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

27   the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for

28   overtime worked that they are entitled to, constituting a failure to pay all earned wages.

1    84.    DEFENDANT failed to accurately pay the PLAINTIFF and the other

2    members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they

3    worked which was in excess of the maximum hours permissible by law as required by Cal.

4    Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the

5    CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime

6    as to which DEFENDANT failed to accurately record and pay as evidenced by

7    DEFENDANT's business records and witnessed by employees.

8    85.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

9    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

10    CLASS for the true amount of time they worked, PLAINTIFF and the other members of the

11    CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

12    economic injury in amounts which are presently unknown to them and which will be

13    ascertained according to proof at trial.

14    86.    DEFENDANT knew or should have known that PLAINTIFF and the other

15    members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all

16    overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross

17    nonfeasance, to not pay employees for their labor as a matter of company policy, practice

18    and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF

19    and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

20    87.    In performing the acts and practices herein alleged in violation of California

21    labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

22    CLASS for all overtime worked and provide them with the requisite overtime compensation,

23    DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

24    toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

25    with a conscious of and utter disregard for their legal rights, or the consequences to them,

26    and with the despicable intent of depriving them of their property and legal rights, and

27    otherwise causing them injury in order to increase company profits at the expense of these

28    employees.

1     88.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

2 CLASS therefore request recovery of all overtime wages, according to proof, interest,

3 statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

4 in a sum as provided by the California Labor Code and/or other applicable statutes. To the

5 extent minimum and/or overtime compensation is determined to be owed to the

6 CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

7 DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

8 individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

9 penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS

10 Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in

11 good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

12 are entitled to seek and recover statutory costs.

### FOURTH CAUSE OF ACTION

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

    89.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

paragraphs of this Complaint.

    90.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order

and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA

LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of

all of their duties for the legally required off-duty meal periods. As a result of their rigorous

work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

1    were from time to time not fully relieved of duty by DEFENDANT for their meal periods.

2    Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA

3    LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th)

4    hour of work is evidenced by DEFENDANT's business records from time to time. Further,

5    DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a

6    second off-duty meal period in some workdays in which these employees were required by

7    DEFENDANT to work ten (10) hours of work from time to time. As a result, PLAINTIFF

8    and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal

9    breaks without additional compensation and in accordance with DEFENDANT's strict

10   corporate policy and practice.

11       91.    DEFENDANT further violates California Labor Code §§ 226.7 and the

12   applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA

13   LABOR SUB-CLASS Members who were not provided a meal period, in accordance with

14   the applicable Wage Order, one additional hour of compensation at each employee's regular

15   rate of pay for each workday that a meal period was not provided.

16       92.    As a proximate result of the aforementioned violations, PLAINTIFF and

17   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

18   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

19   suit.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

# FIFTH CAUSE OF ACTION

## For Failure to Provide Required Rest Periods

## [Cal. Lab. Code §§ 226.7 & 512 ]

## (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

93. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

94. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

95. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

96. As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### Defendants)

97. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

98. Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

99. From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis. As such, the

wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

100. DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

///

///

///

///

## SEVENTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### Defendants)

101.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

102.   Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

103.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones on behalf of and for the benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cellular phones and home offices in order to perform work related job tasks.  DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones and home offices for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF

CLASS ACTION COMPLAINT

and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

104.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## EIGHTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

105.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

1.    Cal. Lab. Code § 200 provides, in relevant part, that:
As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

106.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

107.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-

40

1      hour notice shall be entitled to receive payment by mail if he or she so
2      requests and designates a mailing address. The date of the mailing shall
     constitute the date of payment for purposes of the requirement to provide
3      payment within 72 hours of the notice of quitting.

4      108.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR

SUB-CLASS Members' employment contract.
5
     109.    Cal. Lab. Code § 203 provides, in relevant part, that:
6
     If an employer willfully fails to pay, without abatement or reduction, in
7      accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
     employee who is discharged or who quits, the wages of the employee shall
8      continue as a penalty from the due date thereof at the same rate until paid
     or until an action therefor is commenced; but the wages shall not continue
9      for more than 30 days.

10      110.    The employment of PLAINTIFF, and many CALIFORNIA LABOR

11 SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all

12 wages owed as required by law. Additionally, at all times during the term of PLAINTIFF's

13 employment with DEFENDANT, PLAINTIFF, and CALIFORNIA LABOR SUB-CLASS

14 Members earned and accrued vested vacation and holiday time on the date of their

15 termination pursuant to DEFENDANT's uniform vacation policies and applicable California

16 law. The amount of vacation pay PLAINTIFF, and the other CALIFORNIA LABOR

17 SUB-CLASS Members earned and accumulated is evidenced by DEFENDANT's business

18 records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to

19 PLAINTIFF, and other CALIFORNIA LABOR SUB-CLASS MEMBERS by failing to pay

20 such wages at the regular rate of pay and more specifically the final rate of pay that included

21 all non-discretionary incentive compensation. Rather than pay vacation wages at the regular

22 rate of pay, DEFENDANT underpaid vacation wages to PLAINTIFF and other

23 CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of

24 including all of PLAINTIFF's, and CALIFORNIA LABOR SUB-CLASS Members'

25 non-discretionary incentive compensation into the vacation wage payment calculations.

26 DEFENDANT failed to specify in DEFENDANT's written vacation policy the rate at which

27 PLAINTIFF, and other CALIFORNIA LABOR CLASS Members would be paid vacation

28 upon leaving employment with DEFENDANT. As a result of DEFENDANT's unlawful

1  practice, policy and procedure to deny paying PLAINTIFF, and the other members of the

2  CALIFORNIA LABOR SUB-CLASS all of their vested vacation and holiday time,

3  DEFENDANT failed to pay PLAINTIFF, and the members of the CALIFORNIA LABOR

4  SUB-CLASS all vested vacation time as wages due upon employment termination, in

5  violation of the California Labor Code, Sections 201, 202, 203 and 227.3. Similarly,

6  DEFENDANT underpaid waiting time penalties to PLAINTIFF, and other CALIFORNIA

7  LABOR SUB-CLASS Members at their base rates of pay, instead of including all of

8  PLAINTIFF's, and the CALIFORNIA LABOR SUB-CLASS Members' non-discretionary

9  compensation into the waiting time penalty calculations. This failure by DEFENDANT is

10  believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to

11  provide compensation for earned, accrued and vested vacation and holiday time, as well as

12  the corresponding waiting time penalties that were paid. DEFENDANT perpetrated this

13  unlawful, unfair and deceptive practice to the detriment of PLAINTIFF, and the members of

14  the CALIFORNIA LABOR SUB-CLASS. DEFENDANT's uniform practice and policy of

15  failing to pay the LABOR SUB-CLASS Members for all vested vacation and holiday time

16  accumulated at employment termination violated and continues to violate Section 227.3 of

17  the California Labor Code.

18      111.   Therefore, as provided by Cal Lab. Code § 203, on behalf of PLAINTIFF and

19  members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated

20  and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days

21  of pay as penalty for not paying all wages due at time of termination for all employees who

22  terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and

23  demand an accounting and payment of all wages due, plus interest and statutory costs as

24  allowed by law.

25  ///

26  ///

27  ///

28  ///

# NINTH CAUSE OF ACTION

## For Failure to Pay Sick Pay Wages

### [ Cal. Lab. Code §§ 201-203, 233, 246]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

112.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

113.   Cal Lab. Code § 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then current rate of entitlement. Cal Lab. Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5. Specifically, once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

114.   As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay. PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn non-hourly remuneration. As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-

43

1 hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the

2 employee's total wages, not including overtime premium pay, by the employee's total hours

3 worked in the full pay periods of the prior 90 days of employment. As a result,

4 DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the

5 CALIFORNIA LABOR-SUB-CLASS.

6      115.   Cal. Lab. Code § 246 specifically requires that, upon use of accrued sick

7 leave, vested sick pay wages are due and to be paid no later than the payday for the next

8 regular payroll period after accrued sick leave is used as paid sick time. Similarly, Cal. Lab.

9 Code § 201 provides that if an employer discharges an employee, wages earned and unpaid

10 at the time of discharge are due and payable immediately. Cal. Lab. Code § 202 provides

11 that an employee is entitled to receive all unpaid wages no later than 72 hours after an

12 employee quits his or her employment, unless the employee has given 72-hour notice of his

13 or her intention to quit, in which case the employee is entitled to his or her wages at the time

14 of quitting. The Labor Code penalizes untimely payments. For example, Cal. Lab. Code §

15 203 provides that if an employer willfully fails to pay wages owed in accordance with Cal.

16 Lab. Code §§ 201-202, then the wages of the employee shall continue as a penalty from the

17 due date, and at the same rate until paid, but the wages shall not continue for more than

18 thirty (30) days. Under Cal. Lab. Code §§ 203 and 218, employees may sue to recover

19 applicable penalties.

20      116.   As alleged herein and as a matter of policy and practice, DEFENDANT

21 routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other

22 members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay

23 wages. As a result, DEFENDANT violates Cal. Lab. Code §§ 201-203, 233, and 246,

24 among other Labor Code provisions. PLAINTIFF are informed and believe that

25 DEFENDANT was advised by skilled lawyers and knew, or should have known, of the

26 mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the

27 California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also

28 include those benefits to which an employee is entitled as a part of his or her compensation,

1   including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth*

2   *Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT

3   willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA

4   LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable

5   penalties.

6       117.   Such a pattern, practice, and uniform administration of corporate policy is

7   unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-

8   SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties,

9   attorney's fees, and costs of suit.

10

11                           **PRAYER FOR RELIEF**

12       WHEREFORE, PLAINTIFF pray for judgment against each Defendant, jointly and

13   severally, as follows:

14   1.   On behalf of the CALIFORNIA CLASS:

15       A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA

16            CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

17       B)   An order temporarily, preliminarily and permanently enjoining and restraining

18            DEFENDANT from engaging in similar unlawful conduct as set forth herein;

19       C)   An order requiring DEFENDANT to pay all wages and all sums unlawfully

20            withheld from compensation due to PLAINTIFF and the other members of the

21            CALIFORNIA CLASS; and,

22       D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

23            for restitution of the sums incidental to DEFENDANT's violations due to

24            PLAINTIFF and to the other members of the CALIFORNIA CLASS.

25   2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

26       A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth,

27            and Ninth Causes of Action asserted by the CALIFORNIA LABOR SUB-

28            CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

45

B)  Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)  The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D)  Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E)  For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F)  The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G)  The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.  On all claims:

A)  An award of interest, including prejudgment interest at the legal rate;

B)  Such other and further relief as the Court deems just and equitable; and,

C)  An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: January 9, 2026

BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: /s/ Norman Blumenthal

Norman B. Blumenthal
Nicholas J. De Blouw

**LAWYERS FOR EMPLOYEE AND
CONSUMER RIGHTS APC**
Robert E. Byrnes (State Bar No. 200761)
3500 West Olive Avenue, Third Floor
Burbank, CA 91505

*Attorneys for Plaintiff*

# DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: January 9, 2026        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By:   /s/ Norman Blumenthal
_____
Norman B. Blumenthal
Nicholas J. De Blouw

**LAWYERS FOR EMPLOYEE AND
CONSUMER RIGHTS APC**
Robert E. Byrnes (State Bar No. 200761)
3500 West Olive Avenue, Third Floor
Burbank, CA 91505

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CRUZ** <br> Santa Cruz Branch        Watsonville Branch <br> 701 Ocean Street, Room 110         1 Second Street, Room <br> 300 <br>    Santa Cruz, CA 95060         Watsonville, CA 95076 | *FOR COURT USE ONLY* <br><br> **FILED** <br> **Superior Court of California** <br> **County of Santa Cruz** <br> 1/15/2026 <br> Clerk of the Court by Deputy, <br> Sandy Garcia |
| **Dante Brumsey** <br> vs <br> Davey Tree Surgery Company, a Corporation, et al | |
| **CASE MANAGEMENT INFORMATION AND SETTING** | **Case Number:** 26CV00093 |

# DEFENDANT: YOU HAVE 30 CALENDAR DAYS TO FILE A WRITTEN RESPONSE WITH THE COURT ONCE YOU HAVE BEEN SERVED WITH THE SUMMONS AND COMPLAINT.

The date below is for a Case Management Conference. If you have not responded within 30 days, this hearing MAY NOT take place.

It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

A written response is not always necessary. To make this determination it is important to seek legal advice and information. Some options are:

1. Santa Cruz County Bar Association Lawyer Referral Service: 831-425-4755 (Fee Based service)
2. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301 Watsonville, CA 95076 831-786-7200 option 4. www.santacruzcourt.org for hours.
3. Santa Cruz Law Library: 701 Ocean Street, Room 70 (Basement), Santa Cruz, CA 95060 831-420-2205 www.lawlibrary.org for hours.
4. Watsonville Law Center: 831-722-2845

**PLAINTIFF:** This notice MUST be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross defendants.

---

**YOUR CASE MANAGEMENT CONFERENCE DATE:**

**DATE:**    05/15/2026        **TIME:**    8:30 A.M.      **Santa Cruz Department 10**

**Address of the Court: 701 Ocean Street, Santa Cruz, California**

To appear remotely through **Zoom** at your Case Management Conference visit our court website
**https://www.santacruz.courts.ca.gov/online-services/participating-remotely-zoom**

---

**GET TEXT REMINDERS!**
Text case number to (831) 208-5170 for reminders about hearing dates and payment due dates.



# SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CRUZ
701 OCEAN STREET
SANTA CRUZ, CALIFORNIA 95060
(831) 420-2200
www.santacruzcourt.org

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant(s). Cross complainants must serve the ADR Information Packet on any new parties named to the action. (California Rule of Court 3.221)

---

The Court *encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;
- Filing the Stipulation and Order to Attend Judicial Mediation or Private Mediation at least 10 days before the Case Management Conference (a local form included with the information packet); or
- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** For more information regarding Santa Cruz County's Mediation Program, see local rule 7.1 or contact the Civil Calendar Department at (831) 420-2200.

---

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz Superior Court offers Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

Form Adopted for MANDATORY Use
Superior Court of Santa Cruz County
SUPCV 1012          01/27/21

**STIPULATION AND ORDER TO ATTEND JUDICIAL
MEDIATION OR PRIVATE ARBITRATION**

Page 1 of 3
Local Rule of Court 7.1

## What are the Advantages of Using ADR?

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses).

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

## What are the Disadvantages of using ADR?

- If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error or an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

## What ADR Options are Available?

- **Mediation –** A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.
  - **Court Mediation Program:** If the case is appropriate for Judicial Mediation and all parties agree to mediate, the Court will set the Judicial Mediation for a single session. The Case Management Judicial Officer will conduct the mediation.
  - **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court.

- **Arbitration –** A neutral person (arbitrator) hears arguments and evidence from each side then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

Form Adopted for MANDATORY Use
Superior Court of Santa Cruz County
SUPCV 1012          01/27/21

**STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION OR PRIVATE ARBITRATION**

Page **2** of **3**
Local Rule of Court 7.1

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (Name, State Bar number, and address):<br>NAME:<br>ADDRESS:<br>CITY, STATE, ZIP:<br><br>TELEPHONE NO:<br>FAX NO. (Optional):<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | *FOR COURT USE ONLY* |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**

701 Ocean Street, Room 110

Santa Cruz, CA 95060

Santa Cruz Branch

Plaintiff/Petitioner:

vs.

Defendant/Respondent:

| STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION OR PRIVATE ARBITRATION<br>Must be filed 10 days before Case Management Conference | CASE NUMBER: |
|---|---|

FOR GOOD CAUSE as stated in the attached supporting declaration, the CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR: (DATE) _____

CHECK ONLY ONE BOX:

1. ☐ The parties stipulate to court ordered mediation.
2. ☐ The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above. The parties agree that such process shall be a good faith attempt to resolve the case.

SIGNATURES OF COUNSEL OR PARTY WITHOUT AN ATTORNEY:

_____     PRINT/TYPE NAME: _____

DATE: _____     ATTORNEY FOR: _____

_____     PRINT/TYPE NAME: _____

DATE: _____     ATTORNEY FOR: _____

ADDITIONAL SIGNATURES IN ATTACHMENT "A"

**ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION, AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED

☐ SET FOR JUDICIAL MEDIATION ON: _____ AT: _____ ☐ a.m. ☐ p.m.

☐ VACATE CMC & RESCHEDULE FOR: _____ AT: _____ ☐ a.m. ☐ p.m.

Date: _____     _____
                                  JUDGE OF THE SUPERIOR COURT

Form Adopted for MANDATORY Use
Superior Court of Santa Cruz County
SUPCV 1012          01/27/21

STIPULATION AND ORDER TO ATTEND JUDICIAL
MEDIATION OR PRIVATE ARBITRATION

Page 3 of 3
Local Rule of Court 7.1

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 68687 | FOR COURT USE ONLY |
|---|---|---|

NAME: Norman B. Blumenthal
FIRM NAME: BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
STREET ADDRESS: 2255 Calle Clara
CITY: La Jolla          STATE: CA     ZIP CODE: 92037
TELEPHONE NO.: (858) 551-1223     FAX NO.: (858) 551-1232
EMAIL ADDRESS: norm@bamlawca.com
ATTORNEY FOR (name): Dante Brumsey

**FOR COURT USE ONLY**

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/9/2026 1:48 PM
Clerk of the Court by Deputy,
Sandy Garcia

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
STREET ADDRESS: 701 Ocean St.
MAILING ADDRESS: 701 Ocean St.
CITY AND ZIP CODE: Santa Cruz 95060
BRANCH NAME: Central

CASE NAME:
DANTE BRUMSEY v. DAVEY TREE SURGERY COMPANY, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 26CV00093 |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3
→

2. Is this case complex under rule 3.400 of the California Rules of Court? [x] Yes [ ] No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. [ ] Large number of separately represented parties

   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

   c. [x] Substantial amount of documentary evidence

   d. [x] Large number of witnesses

   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply):

   a. [x] monetary

   b. [x] nonmonetary; declaratory or injunctive relief

   c. [ ] punitive

4. Number of causes of action (specify): NINE (9)

5. Is this case a class action suit? [x] Yes [ ] No

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 9, 2026

Norman B. Blumenthal
_____
(TYPE OR PRINT NAME)

▶ /s/ Norman Blumenthal
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/ Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Asbestos**
  Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Product Liability *(not asbestos or toxic/ environmental)* (24)
  Medical Malpractice (45)
      Medical Malpractice–Physicians & Surgeons
      Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
      Premises Liability (e.g., slip and fall)
      Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
      Intentional Infliction of Emotional Distress
      Negligent Infliction of Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
      Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
      Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/Warranty
      Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
      Collections Case–Seller Plaintiff
      Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
      Auto Subrogation
      Other Coverage
  Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition re Arbitration Award (11)
  Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court Case Matter
      Writ–Other Limited Court Case Review
  Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor Commissioner Appeals
**Employment Development Department (EDD)**
  EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Comprehensive Groundwater Adjudication (47)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
      Abstract of Judgment (Out of County)
      Confession of Judgment *(non-domestic relations)*
      Sister-State Judgment
      Administrative Agency Award *(not unpaid taxes)*
      Petition/Certification of Entry of Judgment on Unpaid Taxes
      Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
      Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
      Mechanic's Lien
      Other Commercial Complaint Case *(non-tort/non-complex)*
      Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late Claim
      Other Civil Petition

**Civil Case Cover Sheet**

| Print | Save | | Clear |